**In the Matter of the MARRIAGE OF Mary Juanita BANKS and Kenneth Wayne Banks and in the Interest of Julie Ann Banks, a Minor Child.**

No. 06–94–00049–CV.

Court of Appeals of Texas, Texarkana.

Argued Aug. 19, 1994.

Decided Sept. 20, 1994.

Rehearing Overruled Oct. 18, 1994.

Ann Crawford McClure, El Paso, for Mary Juanita Banks.

Lawrence M. Wells, Denton & Axley, Dallas, for Acme Bag Manufacturing, Inc.

Talmage Boston, Payne & Vendig, Dallas, for Kenneth Wayne Banks.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Mary Banks appeals from the final judgment entered in her suit for divorce, which incorporates an interlocutory summary judgment order that enforces a stipulation and settlement agreement entered into by the parties as a result of mediation. At issue is whether the trial court erred in granting the motion for summary judgment filed by Kenneth Banks and Acme Bag Manufacturing, Inc., and further erred in awarding attorney's fees to Kenneth Banks and Acme. We find no error except insofar as the trial court provided that attorney's fees might be recovered from the proceeds of the sale of the parties' homestead. We modify the judg-

ment to delete that provision and, as modified, we affirm.

Mary Banks was the petitioner for divorce. Kenneth Banks and his business, Acme Bag Manufacturing, Inc., were co-respondents. The trial court referred the case for mediation and, as a result of the mediation, Mary Banks, Kenneth Banks, and their attorneys signed a document entitled "Rule 11 Stipulation and Settlement Agreement" on June 28, 1993. The agreement addresses the issues of conservatorship and support of the Bankses' daughter and division of the community estate. Mary Banks filed a notice of repudiation and motion to set aside the agreement on July 9, 1993, and filed an amended notice on July 16, 1993.

Kenneth Banks and Acme filed a joint motion for summary judgment on July 12, 1993, seeking specific performance of the settlement agreement. Mary Banks responded that she had given timely notice of her repudiation of the agreement. Alternatively, she alleged that she was the victim of fraud, duress, or undue influence that caused her to execute the agreement. The trial court granted the joint motion for summary judgment on August 3, 1993, and entered a final judgment and decree of divorce in October 1993.

■ Mary Banks contends that the trial court erred in granting the motion for summary judgment because the motion fails to specifically allege the ground upon which the summary judgment was granted. The trial court's order granting the summary judgment specifies that the contract is enforceable under section 154.071 of the Civil Practice and Remedies Code.[1] When the order specifies the ground relied on for the trial court's ruling, the summary judgment can be affirmed only if the specified ground is meritorious, otherwise the case must be remanded. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380–81 (Tex.1993).

■ A motion for summary judgment must state the specific grounds therefor. Tex.R.Civ.P. 166a(c); *McConnell v. Southside School Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). The trial court will render judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion, answer, or other response. Tex.R.Civ.P. 166a(c). The motion must stand or fall on the grounds expressly presented in the motion. *McConnell*, 858 S.W.2d at 341. A summary judgment cannot be affirmed on a ground not specifically presented in the motion for summary judgment. *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 (Tex.1992).

■ The joint motion contains a general statement that "[t]he Settlement Agreement constitutes a valid and enforceable contract under Texas law. Acme and Respondent are entitled to specific performance." Mary Banks argues that this statement fails to specify the ground, i.e., section 154.071, on which the trial court granted summary judgment.[2] The court ordered the case to mediation pursuant to section 154.001, et seq., of the Civil Practice and Remedies Code, and the joint motion for summary judgment, as well as the attached affidavit of Kenneth Banks' attorney, notes that the settlement agreement is the product of court-ordered mediation. Taken as a whole, the motion for summary judgment implicates the laws applicable to settlement agreements resulting from alternative dispute resolution proceedings. The trial court did not grant the motion for summary judgment on a ground not found in the motion.

■ In granting the summary judgment motion, the trial court noted that Mary

---

1. Section 154.071(a) provides:
   If the parties [participating in an alternative dispute resolution proceeding] reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract.
   Tex.Civ.Prac. & Rem.Code Ann. § 154.071(a) (Vernon Supp.1994).

2. In a motion to strike the brief Acme filed in support of the summary judgment motion, Mary Banks complained that the motion for summary judgment failed to state grounds with sufficient specificity to define the issue. The movants withdrew their brief.

Banks took the position that she had timely repudiated the Rule 11 Stipulation and Settlement Agreement. Mary Banks asserts that the agreement, as indicated by its title, specifies that it shall be governed by Rule 11 of the Texas Rules of Civil Procedure, not the Civil Practice and Remedies Code. Chapter 154 of the Texas Civil Practice and Remedies Code governs alternative dispute resolution proceedings. *See* Tex.Civ.Prac. & Rem.Code Ann. § 154.001, et seq. (Vernon Supp.1994). The trial court's order referring the case to mediation recognizes this, and Mary Banks cites no authority exempting the settlement agreement from the provisions of that chapter.

A party who has reached a settlement agreement disposing of a dispute through alternative dispute resolution procedures may not unilaterally repudiate the agreement. *In re Marriage of Ames,* 860 S.W.2d 590, 591 (Tex.App.—Amarillo 1993, no writ). If voluntary agreements reached through mediation were nonbinding, many positive efforts to amicably settle differences would be for naught. *Id.* at 592. In order to effect the purposes of mediation and other alternative dispute resolution mechanisms, settlement agreements must be treated like other contracts reached after arm's length negotiations. *Id.; see also Stevens v. Snyder,* 874 S.W.2d 241, 243–44 (Tex.App.—Dallas 1994, writ denied) (stating that, under section 154.071, a party can enforce the settlement agreement without the other party's consent under contract law).

No party to a dispute can be forced to settle the conflict outside of court; but if a voluntary agreement that disposes of the agreement is reached, the parties should be required to honor the agreement. *Ames,* 860 S.W.2d at 592; *see also* Tex.Fam.Code Ann. § 3.631 (Vernon 1993) (agreement incident to divorce may be revised or repudiated prior to rendition of the divorce unless binding under some other rule of law). In the order granting the summary judgment motion, the trial court recognized that the parties were not required to enter into an agreement, but properly held that, once they did, they were held to the agreement pursuant to section 154.071 of the Civil Practice and Remedies Code.

■ Mary Banks alternatively contends that summary judgment was improper because genuine issues of material fact exist concerning fraud, duress, and undue influence exerted on her at the time she executed the agreement. These grounds are alleged in her first amended original petition. She included these allegations in an affidavit attached to her response to the summary judgment motion, too, but the trial court found that the allegations were conclusory and did not set forth facts supporting her claims. A summary judgment is proper only when the movant establishes that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972).

In her affidavit, Mary Banks asserted that she was in a highly emotional state at the time she engaged in the mediation proceedings and signed the agreement; her attorney failed to inform her of the law of reimbursement; she was manipulated into signing the papers and did not feel she had the right to refuse and believed she was without an ally or advocate; she was told that the judge was a "50/50 Judge"; the mediator told her attorney that it would cost each law firm $50,-000.00 to go forward with the case and she felt financially threatened by this amount of attorney's fees; and she was induced to enter the agreement by duress or fraud. Mary Banks' statements that she was induced to sign the agreement by fraud and duress are merely legal conclusions and are insufficient to raise a fact issue. *See Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984). The failure of her attorney and accountant to inform her about the law of reimbursement is not an act of misconduct attributable to her husband, his attorney, Acme, or its attorney. *See King v. Bishop,* 879 S.W.2d 222 (Tex. App.—Houston [14th Dist.], 1994, n.w.h.) (upholding settlement agreement over allegations that appellants were coerced into signing agreement by their own attorney). Likewise, the statements of the mediator regarding the estimated amount of legal fees if the case proceeds are not attributable to Kenneth Banks, his attorney, or his business.

Understandably, Mary Banks was distressed and under much pressure, for divorce is not an emotionless proceeding. But nowhere in her affidavit does Mary Banks raise a fact issue concerning how her ex-husband or anyone for whom he is responsible exerted duress or undue influence that caused her to enter into an agreement she otherwise would not have made.

The settlement agreement provides that, in case of a dispute as to the interpretation and enforcement of the agreement, the prevailing party is entitled to recover reasonable attorney's fees and expenses. Consequently, the trial court awarded attorney's fees to both Kenneth Banks and Acme for enforcing the agreement. The final judgment also provides that the award of attorney's fees to Kenneth Banks and Acme is to be recovered from the proceeds of the sale of the parties' homestead. Under the terms of the settlement agreement, the house belongs to Mary Banks. The agreement provides that Mary Banks was to reside in the home until August 27, 1993, and then receive the net proceeds from the sale of the residence in the approximate amount of $95,000.00.

Where a homestead cannot be partitioned, it is subject to sale and distribution of the proceeds to the parties; however, the trial court may not order that the proceeds from the sale of the parties' homestead be used to extinguish the liabilities due unsecured creditors. *McIntyre v. McIntyre*, 722 S.W.2d 533, 537 (Tex.App.—San Antonio 1986, no writ); *Poston v. Poston*, 572 S.W.2d 800, 803 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ); *Delaney v. Delaney*, 562 S.W.2d 494, 495–96 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ dism'd). The attorney's fees are liabilities owed to general creditors. *See McIntyre*, 722 S.W.2d at 538; *Poston*, 572 S.W.2d at 803.

To order payment of the attorney's fees from the proceeds of the agreed sale of the house circumvents the constitutional and statutory provisions protecting the homestead and proceeds from its sale from the reach of general creditors. *See* TEX. CONST. art. XVI, § 50 (prohibiting the forced sale of the homestead); TEX.PROP.CODE ANN. § 41.001 (Vernon Supp.1994) (providing that proceeds from sale of homestead are exempt from creditors' claims for six months). The trial court abused its discretion in ordering that the proceeds from the sale of the homestead be used to pay the attorney's fees.

We modify the judgment to set aside the provision that the attorney's fees may be recovered from the sale of the homestead and, as modified, we affirm the trial court's judgment.