NUMBER 13-01-213-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI






 CITY OF CORPUS CHRISTI , Appellant, 



v.




EUYLENE G. BISHOP , Appellee.






On appeal from the 148th District Court

of Nueces County, Texas.






MEMORANDUM OPINION

Before Justices Yañez, Castillo, and Dorsey (1)

Opinion by Justice Dorsey



 The City of Corpus Christi, defendant below, appeals from a judgment granted in favor of appellee, Euylene Bishop,
plaintiff in the trial court. By six issues, appellant complains that the trial court erred in rendering judgment holding valid
the mediated settlement agreement and in the alternative, the judgment failed to conform with mediated settlement. We
affirm.

 If parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable as any
written contract. Tex. Civ. Prac. & Rem. Code Ann. § 154.071(a)(Vernon 1997). The court, in its discretion, may
incorporate the terms of the agreement in the court's final decree disposing of the case. Tex. Civ. Prac. & Rem. Code Ann.
§ 154.071(b)(Vernon 1997). Unless otherwise provided, no agreement between attorneys or parties touching any suit will
be enforced unless it be in writing, signed and filed with the papers as part of the record. Tex. R. Civ. P. 11. The
mediation settlement agreement is contained in the record and is signed by all the parties.

 "The only applicable vehicles for obtaining a judgment on a dispute over whether a contract exists are (1) a motion for
summary judgment, if no fact issue exists and (2) a non-jury or jury trial, if a fact issue exists." Martin v. Black, 909
S.W.2d 192, 195-96 (Tex. App.-Houston [14th Dist.] 1995, writ denied). "A written settlement agreement may be enforced
though one party withdraws consent before judgment is rendered on the agreement." Mantas v. Fifth Court of Appeals, 925
S.W.2d 656, 658 (Tex. 1996) (citing Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex. 1995)); see In re Banks, 887 S.W.2d
160, 163 (Tex. App.-Texarkana 1994, no writ) (as with any enforceable contract, a signing party may not unilaterally
repudiate the agreement).

 The mediated settlement agreement is clear and unambiguous. The question is whether there is a fact issue as to the parties'
intent to be bound to the mediated settlement agreement. The trial court found that the agreement was freely signed and
executed and not contingent upon or subject to any other releases or settlement document. We agree. We overrule issues
one through five.

 The last issue raised, in the alternative, claims that the judgment fails to conform to the mediated settlement agreement.
We find the amount granted in judgment is consistent with and conforms to the mediated settlement agreement. Issue six is
overruled.

 Accordingly, we affirm the trial court's judgment. 



______________________________

J. BONNER DORSEY,

Justice



Opinion delivered and filed

this 3rd day of April, 2003.

 

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).