OPINION
 

 Opinion by
 

 Justice WRIGHT.
 

 E. Eileen Harleaux appeals the trial court’s order requiring attorney’s fees and interest to be paid out of the homestead proceeds held in the registry of the court. In three issues, appellant contends the trial court (1) abused its discretion by awarding sanctions without conducting an evidentiary hearing; (2) lacked legal authority to convert a judgment for attorney’s fees into a sanctions order; and (3) lacked legal authority to order the attorney’s fees to be paid out of the proceeds from the sale of the parties’ homestead. Because the trial court erred by ordering
 
 *913
 
 the attorney’s fees to be paid from homestead proceeds, we reverse that portion of the trial court’s order.
 

 Background
 

 Following a meditated agreement, the trial court entered a decree of divorce between appellant and appellee. As part of the agreement, appellant remained in the couple’s homestead, but she was required to perform certain obligations relating to the sale of the home. When she did not do so, appellee filed a motion for enforcement. After a hearing, the trial court granted appellee’s motion for enforcement, appointed a receiver, ordered the property sold, and ordered appellant to pay appellee $6000 for attorney’s fees. Appellee later filed a motion for sanctions, asking the trial court to authorize the previously awarded judgment for attorney’s fees to be paid out of the homestead proceeds held in the registry of the court. The trial court granted appellee’s request, and ordered the judgment awarding attorney’s fees be paid from the homestead proceeds “as sanctions and as a part of the division of the homestead interest in the property.” This appeal followed.
 

 Discussion
 

 Appellant briefed her second and third issues together. Likewise, we will consider these issues together. To address appellant’s complaints under these issues, we must decide whether the trial court had the authority to order the attorney’s fees to be paid out of the proceeds from the sale of the parties’ homestead. We conclude it did not, whether characterized as a part of the division of the homestead interest in the property or as a sanction.
 

 The homestead is given special protections in the Texas Constitution. Tex. Const, art. XVI, § 50. The homestead is generally protected from all debts, except those listed in article XVI, section 50 which deal with secured debts or tax liens.
 
 See
 
 Tex. Const, art. XVI, § 50;
 
 Boudreaux Civic Ass’n v. Cox,
 
 882 S.W.2d 543, 547 (Tex.App.-Houston [1st Dist.] 1994, no pet.). Homestead proceeds retain their homestead characteristics for six months after the release of the funds from the registry of the court. Tex. PROp.Code Ann. § 41.001(c) (Vernon Supp.2004-05). Because of these homestead protections, the trial court may not order that the proceeds from the sale of the parties’ homestead be used to extinguish the liabilities due unsecured, or general, creditors.
 
 In the Matter of the Marriage of Banks,
 
 887 S.W.2d 160, 164 (Tex.App.-Texarkana 1994, no pet.). Attorney’s fees are such liabilities.
 
 Id.
 
 Thus, to order payment of the attorney’s fees from the proceeds from the sale of the house circumvents the constitutional and statutory provisions protecting the homestead and its proceeds.
 
 In re Garza,
 
 153 s.W.3d 97, 102 (Tex.App.-San Antonio 2004, n.p.h.);
 
 Banks,
 
 887 S.W.2d at 160;
 
 McIntyre v. McIntyre, 722
 
 S.W.2d 533, 538 (Tex.App.-San Antonio 1986, no writ).
 

 Having determined it is not proper to award attorney’s fees to be paid from the homestead proceeds, we must next decide whether characterizing the award of attorney’s fees as either a part of the division of the homestead interest in the property or as a sanction changes our conclusion.
 

 We begin with the first of the trial court’s characterizations — as a division of the homestead interest in the property. In its disposition of marital property, the trial court must divide the marital estate in a manner the court determines just and right, having regard for the rights of each party and any children of the marriage. Tex. Fam.Code Ann. § 7.001 (Vernon 1998). Attorney’s fees are one factor to be considered by the trial court in
 
 *914
 
 making an equitable division of the estate.
 
 Roever v. Roever,
 
 824 S.W.2d 674, 676 (Tex.App.-Dallas 1992, no writ). However, property adjudications in a divorce decree become final the same as other judgments relating to title and possession of property.
 
 Schwartz v. Jefferson,
 
 520 S.W.2d 881, 887 (Tex.1975). Consequently, after the trial court’s plenary power expires, the trial court may not alter, amend, or modify the substantive division of the property in the final decree.
 
 See
 
 Tex. Fam.Code Ann. § 9.007 (Vernon 1998);
 
 Garza,
 
 at 102. Thus, even assuming the trial court could properly alter the parties’ agreement regarding the division of property, it could not do so on November 21, 2003 — well after the trial court’s plenary power over the May 18, 2000 divorce decree expired.
 
 See id.
 

 The trial court’s order also characterized the award of attorney’s fees as a sanction. Every court having jurisdiction to render a judgment has the inherent power to enforce its judgments.
 
 Arndt v. Farris,
 
 633 S.W.2d 497, 499 (Tex.1982);
 
 Greiner v. Jameson,
 
 865 S.W.2d 493, 499 (Tex.App.-Dallas 1993, writ denied). That power is part of the court’s jurisdiction, and the court may employ suitable methods to enforce its jurisdiction.
 
 Greiner,
 
 865 S.W.2d at 499. However, although the trial court has broad discretion in the methods it employs to enforce its judgments, that power is not without limitation.
 
 Id.
 

 Here, the trial court converted the existing judgment for attorney’s fees into a sanction and ordered it to be paid from the homestead proceeds in an attempt to ensure appellee did not have to pay attorney’s fees for the enforcement proceeding from his share of the community. Appel-lee does not cite a case, nor can we find one, that allows a trial court to convert an existing judgment into a sanction in order to circumvent well-established law precluding the court from ordering payment of attorney’s fees from homestead proceeds. While we sympathize with the tidal court’s motives, nevertheless, we must conclude that converting the judgment into a sanction circumvents the constitutional and statutory provisions protecting the homestead and its proceeds. Therefore, it cannot be utilized as a means to enforce the trial court’s previous judgment for attorney’s fees. Thus, we conclude the trial court abused its discretion by doing so. We sustain appellant’s second and third issues. Having done so, we need not address appellant’s first issue.
 

 Because the trial court could not properly award the payment of attorney’s fees from the homestead proceeds, and characterizing the attorney’s fees as a part of the division of the homestead interest in the property or as a sanction does not change that conclusion, we reverse that portion of the trial court’s November 21, 2003 order and render that portion of the order deleted. In all other respects, the trial court’s November 21, 2003 order is affirmed.