**VACATE AND REMAND; Opinion Filed October 16, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01090-CV**

**TERRY H. HANCOCK, Appellant**
**V.**
**SHERRY HANCOCK, Appellee**

**On Appeal from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 89418**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Kennedy

Terry H. Hancock (Husband) appeals the trial court's order appointing a receiver over the marital residence. The dispositive issue is whether the order improperly modified the division of property in a final decree of divorce. We conclude that it did. Accordingly, we vacate the trial court's October 10, 2022 order on motion for appointment of receiver. Further, we strike the findings of the October 13, 2022 order of enforcement and request for receiver that refer to the appointment of a receiver. We remand this cause for further proceedings consistent with this

opinion. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

## BACKGROUND

Husband married Sherry Hancock (Wife) in 2009, and they ceased to live together as spouses in October 2020. In November 2020, Wife filed a petition for divorce, and the following month, Husband filed a counterpetition. On February 22, 2022, after conducting a bench trial on the case, the trial judge sent a written ruling to the parties, which included division of the marital property and indicated that the martial residence ("the Residence") was to be sold and the proceeds divided equally. The written ruling further stated that, "Husband may remain in the house until it is sold."

On May 19, 2022, the trial judge signed the final decree of divorce, which included a division of the marital estate, awarding, among other things, one half of the net proceeds from the sale of the Residence to Wife and the remaining half to Husband. The decree further provided for the "Sale of Residence" by requiring the parties to list the Residence with the Tarpley Agency and ordering that in the event the parties were unable to agree on the sale price, "the Tarpley Agency shall determine the reasonable price for the sale of the [Residence] after consulting with and considering each party's opinion of a reasonable price along with any independent appraisals a party may or may not have." Additionally, the decree

ordered that Husband "shall have the exclusive right to enjoy the use and possession of the premises until closing."[1]

On July 20, 2022, Wife filed an amended petition[2] for enforcement of property division and appointment of a receiver, in which she alleged Husband "failed to cooperate with the realtor appointed by the Court to list the [Residence] as Ordered by this Court" and "refused to execute the listing agreement presented by the realtor." In that petition, Wife also sought an order appointing the realtor Randy Tarpley as a receiver of the Residence and further requested Husband be ordered to vacate the marital residence property "so as . . . to prevent and minimize any further deterioration or damage to the [Residence]." Husband answered, denying that he

---

[1] The specific language of the decree is quoted below:

1. The parties shall list the [Residence] with the Tarpley Agency. Either party shall not be prohibited from making a good faith effort to purchase the [Residence], but the sale shall be a commercially reasonable, arm's length transaction with no special consideration to be given to the parties.

2. The [Residence] shall be sold for a price that is mutually agreeable to Petitioner and Respondent. If the parties are unable to agree on the sale price the Tarpley Agency shall determine the reasonable price for the sale of the [Residence] after consulting with and considering each party's opinion of a reasonable price along with any independent appraisals a party may or may not have.

3. Respondent shall continue to make all payments of principal, interest, taxes, and insurance on the [Residence] during the pendency of the sale, and Respondent shall have the exclusive right to enjoy the use and possession of the premises until closing. All maintenance and repairs necessary to keep the [Residence] in its present condition shall be paid by Respondent. Real property taxes for the tax year 2020 will be the equal responsibility of the parties and shall be withheld from any sale proceeds if not paid before the time of sale/closing.

4. The net sales proceeds (defined as the gross sales price less cost of sale and full payment of any mortgage indebtedness or liens on the [Residence] shall be distributed as follows: One half (½) of the net proceeds shall be awarded to each of the parties.

[2] In her original petition for enforcement of property division, Wife complained Husband had failed to provide her with personal property awarded to her and had failed properly care for other personal property awarded to her. In her amended petition, Wife alleged Husband had yet to provide her with specified personal property awarded to her.

had refused to sign the listing agreement and instead asserted the presented listing agreement contained numerous errors and material facts and that he had corrected the listing agreement and signed it and returned it to the realtor and Wife's counsel.

On September 7, 2022, the trial court conducted a hearing on Wife's petition, at which Tarpley, Wife, and Husband testified. Tarpley testified as to the contentious nature of the relationship between Wife and Husband, as well as the difficulties he experienced in communicating with Husband and his opinion that Husband would not be cooperative with the sale of the Residence. Wife testified as to items of personal property awarded to her that she had not yet received from Husband, as well as her opinion that Husband did not want to sell the Residence and that he was "using his efforts to the best of his ability to not facilitate a sale of the [Residence]." In his testimony, Husband denied intentionally delaying the process of listing the Residence and voiced his objection to appointing Tarpley as receiver of the Residence. At the conclusion of the hearing, the trial judge announced, among other things, that Tarpley would be appointed as receiver and that Husband would be required to move out within thirty days from the date of the hearing "so that the receiver can make sure the [Residence] is prepared, maintained, and taken care of."

On October 10, 2022, the trial judge signed an order on motion for appointment of receiver, appointing Tarpley as receiver of the Residence, that Tarpley was "authorized to manage, control, and dispose of the [Residence] as he sees fit in his sole discretion," and that "the parties fully cooperate with the Receiver,

–4–

including, . . . vacating the premises." On October 13, the trial judge signed an order of enforcement and request for receiver, which, among other things, ordered Husband to surrender specific items of personal property. Husband moved to reconsider the order of enforcement and request for receiver, but the trial court did not rule on that motion. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Husband urges the trial court erred by entering the order on motion for appointment of receiver because that order modifies the division of property in the final decree of divorce. We review a trial court's order appointing a receiver for an abuse of discretion. *Shultz v. Shultz*, No. 05-18-00876-CV, 2019 WL 2511245, at *2 (Tex. App.—Dallas June 18, 2019, no pet.) (mem. op.) (citing *Spiritas v. Davidoff*, 459 S.W.3d 224, 231 (Tex. App.—Dallas 2015, no pet.). Similarly, we review the trial court's ruling on a post-divorce motion for enforcement or clarification for an abuse of discretion. *See In re Marriage of Pyrtle*, 433 S.W.3d 152, 159 (Tex. App.—Dallas 2014, pet. denied) (citations omitted). "It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or without regard to guiding legal principles, or to rule without supporting evidence." *Spiritas*, 459 S.W.3d at 231 (quoting *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)).

Under the Texas Family Code, the trial court that renders a divorce decree retains jurisdiction to clarify and to enforce the decree's property division. *Shultz*, 2019 WL 2511245, at *2 (citing TEX. FAM. CODE §§ 9.002, .008; *Pearson v.*

–5–

*Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011) (per curiam). However, after its plenary power expires, the trial court may not amend, modify, alter, or change the substantive division of property in the decree. *See id.* (citing FAM. § 9.007(a), (b); *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003); *Harleaux v. Harleaux*, 154 S.W.3d 925, 928 (Tex. App.—Dallas 2005, no pet.)). "The court may render further orders to enforce the division of property made or approved in the decree of divorce . . . to assist in the implementation of or to clarify the prior order . . . [and] may specify more precisely the manner of effecting the property division previously made or approved . . . ." FAM. § 9.006 (a), (b). "An order . . . that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce . . . is beyond the power of the divorce court and is unenforceable." FAM. § 9.007(b).

Section 7.001 of the family code grants a trial court broad authority to divide marital property in a manner that it deems just and right upon the dissolution of marriage. *See Shultz*, 2019 WL 2511245, at *2 (citing FAM. § 7.001; *Rusk v. Rusk*, 5 S.W.3d 299, 306 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)). That broad authority sometimes includes the power to enlist the aid of a receiver to effectuate the trial court's orders and judgments. *See id.* (citing *Rusk*, 5 S.W.3d at 306–07).

We interpret a divorce decree like any other judgment, reading the decree as a whole and "effectuat[ing] the order in light of the literal language used" if that

language is unambiguous. *Id.* at *3 (citing *Reiss v. Reiss*, 118 S.W.3d 439, 441 (Tex. 2003); *Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997)). If, when read as a whole, the divorce decree's terms are unambiguous, we must give effect to the order in light of the actual language used. *Id.* (citing *Hagen v. Hagen*, 282 S.W.3d 899, 901 (Tex. 2009)). On the other hand, if the divorce decree's terms are ambiguous, that is, subject to more than one reasonable interpretation, we must review the record along with the decree to aid in interpreting the judgment. *Id.* Mere disagreement over the meaning of a provision does not make it ambiguous. *Id.* (citing *Treadway v. Shanks*, 110 S.W.3d 1, 6 (Tex. App.—Dallas 2000, pet. granted), *aff'd*, 110 S.W.3d 444 (Tex. 2003)). "Neither conflicting interpretations nor conflicting expectations are sufficient to create an ambiguity." *Id.* (quoting *Treadway*, 110 S.W.3d at 6). Whether a divorce decree is ambiguous is a question of law. *Id.* (citing *Hagen*, 282 S.W.3d at 901–02). Husband urges the decree's terms are unambiguous,[3] and we agree.

Here, the decree set forth clear requirements for sale of the Residence. First, Husband and Wife would list the Residence with the Tarpley Agency. Second, the Residence would be sold for a price mutually agreeable to Husband and Wife, but where, as there was evidence here, they were unable to agree on the sale price, "the Tarpley Agency shall determine the reasonable price for the sale of the [Residence]

---

[3] Wife did not file any appellate brief.

after consulting with and considering each party's opinion of a reasonable price along with any independent appraisals a party may or may not have." Third, "during the pendency of the sale, . . . [Husband] shall have the exclusive right to enjoy the use and possession of the premises until closing." Fourth, one half of the net sales proceeds would be awarded to each of the parties.

Husband points out that the decree did not provide for the appointment of a receiver, but rather than objecting to the appointment of a receiver, he argues the terms of the order appointing the receiver improperly modify the terms of the decree such that the order is void and unenforceable. In particular, Husband points to the term in the order on motion for appointment of receiver that provides: "Tarpley is authorized to manage, control, and dispose of the [Residence] as he sees fit in his sole discretion."

In *Shultz v. Shultz*, this Court examined whether a trial court improperly modified the final decree of divorce by allowing the sale of the formal marital residence to one of the former spouses without a mutual agreement on the price. *See Shultz*, 2019 WL 2511245, at *1. There, the decree unambiguously required the property be sold for a price mutually agreeable to the former spouses, but the receivership order did not provide for mutual agreement on price, and the confirmation order allowed the receiver to set the price. *See id.* at *3. We noted that the provision requiring mutual agreement on the price was relevant to the division of property and that an order's failure to adhere to the value imposed on property in

–8–

the decree improperly modifies the division of the property. *See id.* (citing *Perry v. Perry*, 512 S.W.3d 523, 528–29 (Tex. App.—Houston [1st Dist.] 2016, no pet.)). Accordingly, we concluded the receivership order improperly modified the decree. *See id.*

The instant decree is similar to the decree in *Shultz* in that its provisions mandate that the Residence "shall be sold for a price that is mutually agreeable" to Husband and Wife. The instant decree further provides that if the parties are unable to agree on the sale price, the Tarpley Agency shall determine the reasonable price, but only "after consulting with and considering each party's opinion of a reasonable price along with any independent appraisals a party may or may not have." The order on motion for appointment of receiver, however, permits Tarpley as receiver to "dispose of the [Residence] as he sees fit in his sole discretion." Thus, the order does not require Tarpley to consult with either former spouse or consider either former spouse's opinion of a reasonable price or any independent appraisals a former spouse may have and therefore does not adhere to the value imposed on the Residence in the decree. *See Shultz*, 2019 WL 2511245, at *3 (citing *Perry*, 512 S.W.3d at 528–29). Accordingly, we conclude the receivership order improperly modified the decree.[4]

---

[4] Husband also notes in his brief that the order appointing the receiver provides that Husband and Wife "fully cooperate with Receiver, including, without limitation, . . . vacating premises, if necessary in the opinion of Receiver" conflicts with the decree's term providing that, "during the pendency of the sale, . . . [Husband] shall have the exclusive right to enjoy the use and possession of the premises until closing." However, Husband does not mention this conflict in the argument or analysis portion of his brief or

We sustain Husband's sole issue.

## CONCLUSION

We vacate the trial court's October 10, 2022 order on motion for appointment of receiver. Further, we strike the findings of the October 13, 2022 order of enforcement and request for receiver that refer to the appointment of a receiver. We remand this cause for further proceedings consistent with this opinion.

<br>

/Nancy Kennedy/
NANCY KENNEDY
221090F.P05                                              JUSTICE

---

otherwise argue how the inclusion of such a term is reversible error. Accordingly, we express no opinion on that conflict between the order appointing the receiver and the decree. *Cf.* TEX. R. APP. P. 38.1(i).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TERRY H. HANCOCK, Appellant

No. 05-22-01090-CV      V.

SHERRY HANCOCK, Appellee

On Appeal from the 196th District
Court, Hunt County, Texas
Trial Court Cause No. 89418.
Opinion delivered by Justice
Kennedy. Justices Carlyle and Smith
participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial
court's October 10, 2022 order on motion for appointment of receiver. Further, we
**STRIKE** the findings of the October 13, 2022 order of enforcement and request
for receiver that refer to the appointment of a receiver. We **REMAND** this cause
for further proceedings consistent with this opinion.

It is **ORDERED** that appellant TERRY H. HANCOCK recover his costs of
this appeal from appellee SHERRY HANCOCK.

Judgment entered this 16th day of October 2023.