**Katherine Diane DeGROOT, Appellant**

v.

**Richard Douglas DeGROOT, Appellee.**

No. 05–07–00305–CV.

Court of Appeals of Texas, Dallas.

July 28, 2008.

Bruce K. Thomas, Law Office of Bruce K. Thomas, Dallas, for Appellant.

Chad Michael Ruback, The Ruback Law Firm, Dallas, for Appellee.

Before Justices MOSELEY, FRANCIS, and LANG.

**OPINION**

Opinion by Justice LANG.

Katherine Diane DeGroot appeals the trial court's January 24, 2007 final decree of divorce. She raises three issues on appeal, arguing the trial court erred when it: (1) signed the January 24, 2007 divorce decree, replacing its July 19, 2006 divorce decree, because the trial court's plenary power had expired; (2) enforced the arbitration order; and (3) denied her petition to enforce the July 19, 2006 divorce decree, and motions to enter a qualified domestic relations order (QDRO) and to review the arbitrator's order.

We conclude the trial court erred when it signed the January 24, 2007 divorce decree because the trial court's plenary power had expired and, because it exceeds the trial court's limited, post-judgment jurisdiction to clarify that divorce decree, it is void. The trial court's January 24, 2007 divorce decree is vacated. The July 19, 2006 divorce decree is reinstated. Based on the DeGroots' agreement that the arbitration order is non-binding, and our conclusion that the January 24, 2007 divorce decree, which incorporated the arbitration order, is void and the trial court's plenary power expired on August 18, 2006, we need not review Ms. DeGroot's claim that the trial court erred when it enforced the arbitration order. Also, based on our conclusion that the January 24, 2007 divorce decree is void, the trial court's orders denying Ms. DeGroot's petition for enforcement and motion to enter a QDRO are reversed and the petition for enforcement and motion to enter a QDRO are remanded to the trial court for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 2005, Ms. DeGroot filed a petition for divorce from her husband, Richard Douglas DeGroot. On July 19, 2006, the trial court signed the final decree of divorce. In the July 19, 2006 divorce decree, the trial court stated the DeGroots had entered into a written agreement, which was incorporated in the decree, noted they stipulated the agreement was enforceable as a contract, and approved the agreement as contained in the decree. The deadline was August 18, 2006, to file a motion to modify or for new trial of the July 19, 2006 divorce decree. Mr. DeGroot claims on August 18, 2006, he mailed to the trial court his motion for clarification of the July 19, 2006 divorce decree. That motion was actually filed on August 23, 2006.

On October 5, 2006, the DeGroots filed a joint motion for appointment of an "arbitrator," in which they claimed there is a reasonable expectation that several post-divorce disputes may be resolved by the use of the "alternative dispute resolution procedure of arbitration." On October 13, 2006, the trial court ordered the appointment of an arbitrator for the "pending disputes" between the DeGroots "as to the unresolved issues regarding the Agreed Decree of Divorce entered on July 18, 2006[sic] be arbitrated." In a handwritten statement at the bottom of the order, it states the arbitration award will be binding on the parties. However, on appeal, the DeGroots agree the ordered arbitration was non-binding. In a separate order, the trial court administratively closed the case pending the arbitration, but retained jurisdiction, including the authority to vacate the order administratively closing the case, if cause was shown that further litigation was necessary. On November 1, 2006, Ms. DeGroot filed a petition for enforcement of the July 19, 2006 divorce decree.

On December 18, 2006, at the conclusion of the arbitration, the arbitrator signed an "arbitration order" that set out the results of the arbitration. The "arbitration order" changed some of the property-division terms of the July 19, 2004 divorce decree. Also, the "arbitration order" states the DeGroots "arbitrated the remaining issues for the preparation of the Final Decree of Divorce," and that Ms. DeGroot "is awarded the specific items as requested in her Motion for Enforcement."

On January 18, 2007, Mr. DeGroot filed a motion requesting the trial court to set aside the July 19, 2006 divorce decree, confirm the December 18, 2006 "arbitration order," and sign a new final decree of divorce incorporating the "arbitration order." On January 16, 2007, after her counsel withdrew, Ms. DeGroot filed a *pro se* "motion to enter a [QDRO]" and a *pro se* "motion for review of arbitrator's order." On January 24, 2007, without signing an order vacating its October 13, 2006 order administratively closing the case, the trial court held a hearing where it orally denied all of Ms. DeGroot's motions and her petition for enforcement, and announced a new divorce decree would be signed. Subsequent to the hearing, the trial court signed the new, written divorce decree dated January 24, 2007.

On February 20, 2007, Ms. DeGroot filed a motion for new trial, which was denied without a hearing on February 21, 2007. On March 9, 2007, Ms. DeGroot filed her notice of appeal. Also, on March 9, 2007, the trial court signed written orders denying Ms. DeGroot's "motion for a review of arbitrator's order," motion to enter a QDRO, and petition for enforcement.

## II. TRIAL COURT'S PLENARY JURISDICTION

In issue one, Ms. DeGroot argues the trial court erred when it signed the January 24, 2007 divorce decree, replacing its July 19, 2006 divorce decree, because the trial court's plenary jurisdiction had expired. Also, in her brief, she asserts the January 24, 2007 divorce decree substantially revises the division of property, exceeding the trial court's power to clarify its original decree.

Mr. DeGroot responds there are several reasons the trial court had jurisdiction to replace the July 19, 2006 divorce decree with the decree of January 24, 2007. First, he asserts his motion for clarification, filed-stamped August 23, 2006, was mailed on August 18, 2006, the final day to file a motion to modify. According to Mr. DeGroot, under the "mailbox rule" in Texas Rule of Civil Procedure 5, his mailing of the motion on August 18, 2006 effected timely filing. *See* Tex.R. Civ. P. 5. Second, he contends that, although his motion was called a "motion for clarification," it requests a substantive change to the July 19, 2006 divorce decree so it qualifies as a motion to modify, which extends the trial court's plenary power. Third, he claims the trial court's October 13, 2006 order appointing an arbitrator actually vacated the July 19, 2006 divorce decree or granted a new trial because it was based on his "motion for clarification." Finally, he claims the trial court's order administratively closing the case states the trial court "retains complete jurisdiction," which shows the order appointing an arbitrator actually vacated the July 19, 2006 divorce decree or granted a new trial.

### A. Applicable Law

▮ To promote the amicable settlement of disputes in a suit for divorce, the spouses may enter into a written agreement concerning the division of the property, liabilities of the spouses, and mainte-

nance of either spouse. TEX. FAM.CODE ANN. § 7.006(a) (Vernon 2006). If the court finds that the terms of the written agreement in a divorce are just and right, those terms are binding on the court. *See id.* § 7.006(b). Property adjudications in a divorce decree become final the same as other judgments relating to title and possession of property. *See Schwartz v. Jefferson,* 520 S.W.2d 881, 887 (Tex.1975); *Harleaux v. Harleaux,* 154 S.W.3d 925, 928 (Tex.App.-Dallas 2005, no pet.); *In re Garza,* 153 S.W.3d 97, 102 (Tex.App.-San Antonio 2004, orig. proceeding). The date the judgment is signed determines the beginning of the periods prescribed for the trial court's plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment, and for filing the various motions and documents authorized by the Texas Rules of Civil Procedure. TEX.R. CIV. P. 306a.

■■■■ A motion for new trial or a motion to modify, correct, or reform a judgment shall be filed within thirty days after the judgment is signed. TEX.R. CIV. P. 329b(a), (g). A motion to modify, correct, or reform a judgment shall be in writing, signed by the party or his attorney, and specify the respects in which the judgment should be modified, corrected, or reformed. ' TEX.R. CIV. P. 329b(g). A timely filed post-judgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under rule 329b(g), extending the trial court's plenary jurisdiction and the appellate time table. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d 308, 314 (Tex. 2000). During the period of a trial court's plenary power, its power to modify its judgment is virtually absolute. *See Stallworth v. Stallworth,* 201 S.W.3d 338, 349 (Tex.App.-Dallas 2006, no pet.). The trial court's plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment is limited to a maximum of one hundred and five days after the judgment is signed. *In re Nguyen,* 155 S.W.3d 191, 193 (Tex.App.-Tyler 2003, orig. proceeding). After the trial court's plenary power expires, the trial court may not alter, amend, or modify the substantive division of the property in the divorce decree. *See* TEX. FAM.CODE ANN. § 9.007 (Vernon 2006); *Harleaux,* 154 S.W.3d at 928; *In re Garza,* 153 S.W.3d at 102.

A court that rendered a divorce decree generally retains continuing subject-matter jurisdiction to enforce and to clarify the divorce decree's property division. *See* TEX. FAM.CODE ANN. §§ 9.002, 9.008; *Gainous v. Gainous,* 219 S.W.3d 97, 106 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). Texas Family Code sections 9.002, 9.006, 9.008, 9.101, 9.103, and 9.104 provide for limited, post-judgment jurisdiction that may be invoked only in particular circumstances, rather than for plenary, original jurisdiction. *Gainous,* 219 S.W.3d at 108.

A party may seek clarification of a divorce decree through a suit for enforcement or a motion to clarify. *See* TEX. FAM.CODE ANN. §§ 9.001, 9.006, 9.008. In a suit to enforce the decree, a court has continuing jurisdiction to render further orders to enforce the division of the property made in the decree of divorce to assist in the implementation of or to clarify the prior order. *See id.* § 9.006(a); *Gainous,* 219 S.W.3d at 106. Similarly, on the request of a party or on the court's own motion, the court has continuing jurisdiction to render a clarifying order setting forth specific terms to enforce compliance with an original division of property on a finding that the original division of property is not specific enough to be enforceable by contempt. *See* TEX. FAM.CODE ANN. § 9.008; *Gainous,* 219 S.W.3d at 106.

However, there are limitations on the enforcement and clarification powers of the court that rendered the divorce decree. *Gainous,* 219 S.W.3d at 106. A court may not amend, modify, alter, or change the division of property made or approved in the divorce decree. *See* Tex. Fam.Code Ann. § 9.007(a); *Shanks v. Treadway,* 110 S.W.3d 444, 449 (Tex.2003). An order that amends, modifies, alters, or changes the divorce decree's property division is beyond the power of the court. *See* Tex. Fam.Code Ann. § 9.007(b); *Gainous,* 219 S.W.3d at 106–07. Accordingly, section 9.007 of the Texas Family Code is jurisdictional and orders violating its restrictions are void. *Gainous,* 219 S.W.3d at 108.

### B. Application of the Law to the Facts

In his "motion for clarification of final divorce decree," Mr. DeGroot noted that a final decree of divorce was signed, an agreement was reached between the parties for settlement of all issues in the matter, including an agreement that each party would be responsible for the portion of debt he or she incurred since October 2005, and the parties agreed to the entry of an order clarifying the division of that debt. Mr. DeGroot's motion for clarification specifically requested:

> [t]he court [to] clarify the Final Decree of Divorce that was entered by th[e] Court on or about July 19, 2006 and specifically divide the debt in accordance with the division as set out in the attached Exhibit B ... so as to make said Final Decree of Divorce clear and specific enough so that it may be enforced by th[e] Court.

Also, in the event the trial court granted Mr. DeGroot's motion for clarification, he requested attorney's fees.

Mr. DeGroot argues his motion for clarification should be considered a motion to modify because he requested a substantive change in the July 19, 2006 divorce decree. He asserts the July 19, 2006 divorce decree allocated $5,000 of the debt to Ms. DeGroot and provided the remaining debt would be allocated fifty percent to each. He claims the remaining debt was in the amount of $138,717 and, pursuant to the terms of the July 19, 2006 divorce decree, $66,858.50 of the debt should have been allocated to Mr. DeGroot and $71,558.50 of the debt should have been allocated to Ms. DeGroot. However, Mr. DeGroot argues that, in his motion for clarification, he requested the debt to be allocated in accordance with Exhibit B, which requested that $63,723 of the debt be allocated to Mr. DeGroot and $74,394 of the debt be allocated to Ms. DeGroot.

Although Ms. DeGroot's calculation may not be exactly correct, even based on his argument, Mr. DeGroot's motion for clarification specifically requested the trial court to "clarify the Final Decree of Divorce that was entered by th[e] Court on or about July 19, 2006" and "to make said Final Decree of Divorce clear and specific enough so that it may be enforced by th[e] Court." Mr. DeGroot's motion for clarification does not request a substantive change in the July 19, 2007 divorce decree. *See* Tex.R. Civ. P. 329b(g) (motion to modify should specify respects in which judgment should be modified, corrected, or reformed); *Lane Bank,* 10 S.W.3d at 314 (timely filed post-judgment motion seeking substantive change in judgment qualifies as motion to modify under Rule 329b(g)). Rather, the substance of Mr. DeGroot's motion for clarification shows it is a motion for clarification under section 9.008 of the Texas Family Code. *See* Tex. Fam.Code Ann. § 9.008. Accordingly, the trial court's plenary power expired on August 18, 2006,

thirty days after it signed the July 19, 2006 divorce decree, and that decree was final. The January 24, 2007 divorce decree was signed after the trial court's plenary power expired. Further, the January 24, 2007 divorce decree modified the property-division terms of the July 19, 2006 divorce decree, exceeding the trial court's limited, post-judgment jurisdiction to clarify that divorce decree and is void. *See Gainous*, 219 S.W.3d at 106–08.

Ms. DeGroot's first issue is decided in her favor.

### III. ARBITRATION ORDER

In issue two, Ms. DeGroot argues the trial court erred when it enforced the "arbitration order." However, the DeGroots agree the arbitration award is not binding.[1] Based on the DeGroots' agreement, and our conclusion that the January 24, 2007 divorce decree, which incorporated the "arbitration order," is void and the trial court's plenary power expired on August 18, 2006, we need not review Ms. DeGroot's second issue.

### IV. PETITION FOR ENFORCEMENT

In issue three, Ms. DeGroot argues the trial court erred when it overruled her petition to enforce the July 19, 2006 divorce decree, motion to enter a QDRO, and motion to review the arbitrator's order. She argues that, while she was attempting to enforce the July 19, 2006 divorce decree, the trial court signed the January 24, 2007 divorce decree, mooting her petition to enforce. Also, she claims she filed a motion to enter a QDRO be-

cause the Texas Family Code requires a QDRO and the trial court failed to sign a QDRO, even though the July 19, 2006 divorce decree states Ms. DeGroot is awarded "[f]ifty percent of [Mr. DeGroot's] TI 401(k) pursuant to the terms of the [QDRO] signed by the court." Ms. DeGroot argues the arbitration order mooted her motion to enter a QDRO because it changed some of the property-division terms in July 19, 2006 divorce decree. Finally, she argues the trial court should not have denied her motion to review the arbitrator's order because the arbitrator exceeded her authority when she redivided the DeGroots' property.

Mr. DeGroot responds that the July 19, 2006 divorce decree was void because it contained provisions that were not expressly agreed to by the parties. Also, he claims Ms. DeGroot could have sought to enforce the settlement agreement through a breach of contract claim, but she did not.

### A. Applicable Law

■ A party affected by a divorce decree that provides for the division of property may request enforcement of that decree by filing a suit to enforce in the court that rendered the decree. TEX. FAM.CODE ANN. § 9.001(a). The court that rendered the divorce decree retains the power to enforce the property division. *Id.* § 9.002. An order to enforce the division of the property is limited to an order to assist in the implementation of or to clarify the prior order. *Id.* Orders issued in a suit to enforce are final judgments. *See Starr v. Starr*, 690 S.W.2d 86, 87–88 (Tex.App.-Dallas 1985, no writ) (discussing former

---

1. In his brief, Mr. DeGroot stated the arbitrator made "written recommendations, which she called her 'Arbitration Order.'" In her reply brief, Ms. DeGroot asserted Mr. DeGroot's statement had the effect of conceding the arbitration was non-binding. During oral argument, Mr. DeGroot expressly conceded and the DeGroots agreed the arbitration was non-binding, despite the handwritten language at the bottom of the order stating the arbitration was binding.

sections 3.71–3.72); *Holder v. Holder,* 808 S.W.2d 197, 198 (Tex.App.-El Paso 1991, no writ) (same).

However, the procedures and limitations of a suit to enforce do not apply to existing property that was not divided in the divorce. TEX. FAM.CODE ANN. § 9.004. The post-decree division of property is governed by the Texas Family Code sections that provide for a separate suit to divide property not divided in the divorce decree. *See id.* §§ 9.201–9.205. Also, a court may not amend, modify, alter, or change the division of the property in the divorce decree. *Id.* § 9.007(a). However, on the motion of a party or the court's own motion, the court may render a clarifying order setting forth specific terms to enforce compliance with the division of the property on a finding that the division of property is not specific enough to be enforceable by contempt. *Id.* § 9.008.

■ If the court that rendered the divorce decree dividing the property did not provide a QDRO, a party may petition the court to render a QDRO. *Id.* § 9.103. A suit seeking a QDRO applies to a previously divided pension, retirement plan, or other employee benefit. *Id.* § 9.101(b). The court that rendered the divorce decree dividing the property retains continuing, exclusive jurisdiction to render a QDRO. *Id.* § 9.101(a). Also, to effectuate the division of the property, a court that renders a QDRO retains continuing, exclusive jurisdiction to amend the QDRO for the purpose of correcting it or to clarify the QDRO. *See id.* § 9.1045(a).

### B. Application of the Law to the Facts

On November 1, 2006, seventy-five days after the trial court signed the July 19, 2006 divorce decree, Ms. DeGroot filed a petition to enforce. Although the "arbitration order" states the DeGroots "arbitrat-

ed the remaining issues for the **preparation** of the Final Decree of Divorce," it also awarded Ms. DeGroot "the specific items as requested in her Motion for Enforcement." (emphasis added). Then, on January 16, 2007, Ms. DeGroot filed a *pro se* motion to enter a QDRO.

During the January 24, 2007 hearing, no evidence was offered to the trial court. Only the argument of Mr. DeGroot's counsel and Ms. DeGroot was presented. However, the "arbitration order" was attached to Mr. DeGroot's January 18, 2007 motion to sign a new divorce decree. Also, during the hearing, the trial court purported to vacate the July 19, 2006 divorce decree and to order the second divorce decree of January 24, 2007. However, instead of dismissing as moot Ms. DeGroot's petition to enforce and motion to enter a QDRO, which were based on the purportedly vacated July 19, 2006 divorce decree, the trial court orally denied her petition to enforce and motion to enter a QDRO. Further, in its March 9, 2007 written order denying Ms. DeGroot's petition to enforce the July 19, 2006 divorce decree, the trial court recited findings of fact that Mr. DeGroot performed as required by both the July 19, 2006 divorce decree, which the trial court purported to vacate, and the void January 24, 2007 divorce decree. Likewise, the trial court's March 9, 2007 order denying Ms. DeGroot's motion to enter a QDRO states the QDRO presented to the trial court does not divide the property is accordance with the July 19, 2006 divorce decree and the void January 24, 2007 divorce decree.

We conclude the trial court erred when it denied Ms. DeGroot's petition to enforce and motion to enter a QDRO, because, based on the express language of the findings, the orders were premised, at least in part, on the void January 24, 2007 divorce decree. Ms. DeGroot's third issue is, in

part, decided in her favor. We have already determined the DeGroots have agreed the "arbitration order" is non-binding and we have concluded the January 24, 2007 divorce decree, which incorporated the "arbitration order," is void and the trial court's plenary power expired on August 18, 2006. Accordingly, we need not address the portion of issue three where Ms. DeGroot argues the trial court erred when it denied her motion to review the arbitrator's order.

## V. CONCLUSION

The trial court did not have plenary power to enter the January 24, 2007 final decree of divorce. Further, the January 24, 2007 divorce decree modified the property-division terms of the July 19, 2006 divorce decree, exceeding the trial court's limited, post-judgment jurisdiction to clarify that divorce decree and is void. Accordingly, the trial court's January 24, 2007 final decree of divorce is vacated. The July 19, 2006 final decree of divorce is reinstated.

Based on our conclusion that the January 24, 2007 divorce decree is void, the orders denying Ms. DeGroot's petition to enforce and motion to enter a QDRO are reversed and the petition to enforce and motion to enter a QDRO are remanded to the trial court for further proceedings consistent with this opinion.