COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
 2-09-106-CV

 

 

IN RE PERVEZ DAREDIA                                                           RELATOR

 

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

                                              ------------

I. Introduction








Relator Pervez Daredia filed a petition for writ
of mandamus asking this court to order the Respondent, Judge Doug Robison of
the 393rd District Court, to vacate the trial court=s order
granting the motion for judgment nunc pro tunc and the interlocutory default
judgment of real parties in interest American Express Centurion Bank and
American Express Bank (jointly AAmerican
Express@).  Daredia further requests that this court
enter a finding that the judgment signed on July 2, 2007, is a full and final
judgment.  We deny Daredia=s
petition for writ of mandamus.

II. Factual and Procedural Background

On May 10, 2007, American Express brought suit
against Daredia and Map Wireless, Inc. for monies owed on several American
Express credit accounts opened and utilized by Daredia and Map Wireless.  On June 4, 2007, Daredia filed an
answer.  Map Wireless did not file an
answer.  On June 23, 2007, American
Express filed a motion for default judgment and a proposed judgment.  On July 2, 2007, the trial court signed a
default judgment which contained the languageCAAll
relief not expressly granted herein is denied. 
This judgment disposes of all parties and all claims in this cause of
action and is therefore FINAL.@








On October 29, 2008, American Express filed a
motion for judgment nunc pro tunc in which it stated that its counsel had made
typographical errors in both the motion for entry of judgment and the default
judgment.  It was American Express=s
contention that the July 2007 judgment should only have disposed of Map
Wireless and not Daredia.  The motion
further noted that Map Wireless was the only defendant that had failed to
answer and that no relief had been sought against Daredia in the motion for
entry of default judgment.  American
Express asked the trial court to enter a Anunc pro
tunc interlocutory default judgment@ to
dispose solely of its claims against Map Wireless.

A hearing was set to take place on December 1,
2008, on American Express=s motion for judgment nunc pro
tunc, but an objection was made to the visiting judge, and no hearing took
place.  Thereafter, on December 18, 2008,
Judge Vicki Isaacks, at that time the presiding judge of the 393rd District
Court, made a notation on the docket sheet indicating that the motion for
judgment nunc pro tunc was granted. 
Judge Isaacks did not sign an order on the motion before her term
expired on December 31, 2008.  Respondent
began his term as judge of the 393rd District Court on January 1, 2009.

Respondent held a hearing on February 22, 2009,
on American Express=s motion to sign an order on the
motion for judgment nunc pro tunc. 
During the hearing, Respondent stated that he believed that signing the
order may be a ministerial act because Judge Isaacks had already made a docket
entry indicating that she had granted the motion.  Thereafter, on February 24, 2009, Respondent
signed an order granting the motion for judgment nunc pro tunc, which vacated
the July 2, 2007 default judgment, reinstated the case, and ordered the parties
to confer and submit a Level 2 scheduling order to the court.  That same day, Respondent also signed an
interlocutory default judgment nunc pro tunc granting American Express=s
requested relief against Map Wireless.








III. Analysis

Daredia contends that Respondent erred by
granting American Express=s motion for judgment nunc pro
tunc and by signing the interlocutory default judgment.  Specifically, Daredia argues that the trial
court lacked jurisdiction to vacate the final judgment because the February 24,
2009 orders were entered long after the trial court lost plenary
jurisdiction.  See Tex. R. Civ P.
329b.  Daredia also argues that American
Express was not entitled to the relief sought because a judgment nunc pro tunc
cannot be used to vacate a final judgment and enter a new interlocutory
judgment outside the trial court=s
plenary jurisdiction.  See Inglish v.
Union State Bank, 945 S.W.2d 810, 811 (Tex. 1997); Nguyen v. Woodley,
273 S.W.3d 891, 896 (Tex. App.CHouston
[14th Dist.] 2008, no pet.).  Daredia
further argues that, even if a final judgment can be vacated by a judgment nunc
pro tunc, there is no evidence of a clerical error in this case; therefore, the
trial court erred by granting the motion for judgment nunc pro tunc.  See Tex. R. Civ. P. 316, 329b(f); Escobar
v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986).  Lastly, Daredia contends the trial court
erred by not requiring American Express to provide clear and convincing
evidence of a clerical error.  See In
re Broussard, 112 S.W.3d 827, 833 (Tex. App.CHouston
[14th Dist.] 2003, orig. proceeding).








American Express argues that the trial court was
well within its discretion to grant the motion for judgment nunc pro tunc
because it was merely correcting a clerical error.  Specifically, American Express contends that
the trial court

(a) recognized that the
proposed judgment submitted by counsel contained an error because it purported
to enter a default judgment against both defendants instead of just the
corporate defendant, (b) then attempted to correct that error itself, but (c)
committed its own error by failing to conform the entire order consistent with
its obvious intention. 

 








When the trial court loses plenary power over a
judgment, it also generally lacks the authority to vacate the judgment.  See Tex. R. Civ. P. 329b(f); DeGroot
v. DeGroot, 260 S.W.3d 658, 662 (Tex. App.CDallas
2008, no pet.) (explaining that the trial court=s
plenary power to grant a new trial or to vacate, modify, correct, or reform a
judgment is limited to a maximum of one hundred and five days after the
judgment is signed).  Proceedings related
to the trial court=s judgment after its plenary
power has expired are generally beyond the trial court=s
jurisdiction.  See In re Dickason,
987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); Coleman v. Sitel Corp.,
21 S.W.3d 411, 413 (Tex. App.CSan
Antonio 2000, no pet.) (holding that after the trial court=s plenary
power expired, the trial court had no jurisdiction to change or vacate its
judgment); Moore v. Brown, 993 S.W.2d 871, 874 (Tex. App.CFort
Worth 1999, pet. denied) (stating that once Aa trial
court=s
plenary power has expired, it has no jurisdiction to modify or change its
original judgment except by bill of review@); see
also State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995) (AJudicial
action taken after the court=s
jurisdiction over a cause has expired is a nullity.@).  Here, we must determine if the July 2007
judgment was a final judgment rendering the signing of the February 24, 2009
orders outside of the trial court=s
plenary power.








The Supreme Court of Texas has concluded that a
judgment without a trial on the merits is not final Aunless
it actually disposes of every pending claim and party or unless it clearly and
unequivocally states that it finally disposes of all claims and all parties.@  See Lehmann v. Har-Con Corp., 39 S.W.3d
191, 205 (Tex. 2001); see also In re Burlington Coat Factory Warehouse of
McAllen, Inc., 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding); In re
Granite Shop, No. 02-08-00410-CV, 2009 WL 485696, at *1, *3 (Tex. App.CFort
Worth, Feb. 24, 2009, orig. proceeding). 
Daredia contends that the July 2007 judgment is a final judgment because
it contains language indicating that A[a]ll
relief not expressly granted herein is denied. 
This judgment disposes of all parties and all claims in this cause of
action and is therefore FINAL.@  The quoted language, absent more, would
appear to make that judgment final and appealable.  See Lehmann, 39 S.W.3d at 206 (AA
statement like, >This judgment finally disposes
of all parties and all claims and is appealable,= would
leave no doubt about the court=s
intention.@); see also Burlington Coat,
167 S.W.3d at 830.

American Express appears to argue that its
counsel=s
drafting errors and Judge Isaacks=s edits
rendered the July 2007 judgment ambiguous because the judgment did not dispose
of its claims against Daredia.  In
determining whether a judgment is ambiguous, we apply the same rules we would
use to ascertain the meaning of other written instruments.  See Lal v. Harris Methodist Fort Worth,
230 S.W.3d 468, 474 (Tex. App.CFort
Worth 2007, no pet.) (AThe same rules of interpretation
apply in construing the meaning of court orders as in ascertaining the meaning
of other written instruments.@).  Here, the order fails to address any of
American Express=s claims against Daredia, yet it
contains language that clearly and unequivocally indicates that it is a final
judgment.  See Killeen v. Lighthouse
Elec. Contractors, L.P., 248 S.W.3d 343, 350 (Tex. App.CSan
Antonio 2007, pet. denied).  We agree
with American Express that the judgment is ambiguous on its face.  See id.








When it is not clear whether a summary judgment
is final, we determine finality from both the language of the judgment and the
record in the case.  See Lehmann,
39 S.W.3d at 195.  Here, the record
resolves the ambiguity.  On May 10, 2007,
American Express brought suit against Daredia and Map Wireless for their
failure to make payments on several credit accounts.  The suit sought judgment against Daredia and
Map Wireless for $769,789.91 plus interest, costs, and attorney=s
fees.  On June 4, 2007, Daredia filed his
original answer.  Map Wireless failed to
file an answer.  On June 23, 2007,
American Express filed its motion for entry of default judgment in which it
stated that Map Wireless was in default for failing to appear and answer and sought
judgment against Map Wireless for the damages pled in its suit against Map
Wireless.  American Express sought no
relief against Daredia in the motion for entry of default judgment, and the
July 2007 default judgment, which was prepared by American Express, does not
speak to the claims against Daredia.








Based on these facts, we conclude that the July
2007 judgment did not resolve American Express=s claims
against Daredia; therefore, the judgment was interlocutory, and the trial court
retains jurisdiction over this case.  See
Lehmann, 39 S.W.3d at 205; Granite Shop, 2009 WL 485696, at *3.  Because the trial court retains jurisdiction
over this case, the trial court did not abuse its discretion by signing the
February 24, 2009 orders as the trial court was within its plenary power to
correct or modify the interlocutory judgment to clarify that the claim against
Daredia is still pending.  See DeGroot,
260 S.W.3d at 662.  Because of our
holding that the trial court retained jurisdiction over this case, we need not
address Daredia=s remaining arguments regarding
the nature of the error in the July 2007 judgment.  See Tex. R. App. P. 47.1.  Accordingly, Daredia=s
petition for writ of mandamus is denied.

 

 

ANNE
GARDNER

JUSTICE

 

PANEL:  CAYCE, C.J.; GARDNER and MCCOY, JJ.

 

DELIVERED:  October 20, 2009











[1]See Tex. R. App. P. 47.4.