**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 18, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00484-CV

## IN RE WENDY OXMAN, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**

**257th District Court**
**Harris, County, Texas**
**Trial Court No. 2009-75384**

## MEMORANDUM OPINION

On May 17, 2012, relator Wendy Oxman filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Judy Warne, presiding judge of the 257th District Court of Harris County to vacate the portion of her order requiring relator to vacate the property at 8622 Fountainbleu.

On May 14, 2012, the respondent signed an "Order on Enforcement of Property Division and Counterclaims." In that order, the court denied relator's petition for

enforcement of property division and ordered relator to vacate the premises known as the "Fountainbleu Home" no later than May 20, 2012, before 5:00 p.m. Relator seeks relief from this order via mandamus.

Mandamus relief is available when the trial court abuses its discretion and there is no adequate remedy at law, such as by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004); *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (*citing Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding)). A party affected by a divorce decree that provides for the division of property may request enforcement of that decree by filing a suit to enforce in the court that rendered the decree. Tex. Fam. Code Ann. § 9.001(a). An order to enforce the division of the property is limited to an order to assist in the implementation of or to clarify the prior order. *Id*. § 9.002. Orders issued in a suit to enforce are final judgments. *DeGroot v. DeGroot*, 260 S.W.3d 658, 664 (Tex. App.—Dallas 2008, no pet.). The order of enforcement is reviewable by appeal; therefore, mandamus relief is not available.

Relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus and also deny relator's request to stay proceedings.

PER CURIAM

Panel consists of Justices Chief Justice Hedges and Justices Boyce and McCally.

2