

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00256-CV
_____

IN RE DYLAN TARTER, RELATOR

ON PETITION FOR WRIT OF MANDAMUS

September 24, 2013

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is Dylan Tarter's petition for writ of mandamus directed at Judge Judy Parker, County Court at Law No. 3. The dispute involves his effort to enforce the terms of a divorce decree. He believed himself to have been awarded exclusive ownership of purported overriding royalty interests acquired during his marriage to Alexandria Kathleen Fowler (Fowler). This belief led him to move the trial court for an order of contempt against his ex-wife who allegedly refused to execute documents manifesting the claim. Also sought were orders enforcing and clarifying the decree. The trial court denied each of his requests. Now, we are asked to issue a writ of mandamus directing Judge Parker ". . . to vacate [her] ruling that the overriding royalty interests in question were not divided by the Divorce Decree." He further urges

us to issue "such orders that Relator may be entitled to . . . enforce the division of property," including the subject overriding royalty interests. We deny the petition.

Mandamus relief is available when the trial court abuses its discretion and there is no adequate remedy at law, such as by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Furthermore, the burden lies with the relator to prove the prerequisites to securing the writ. *In re East Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.— Tyler 2005) (orig. proceeding).

As previously mentioned, Tarter sought to enforce the terms of a final divorce decree. Statute allows him to do so. *See* TEX. FAM. CODE ANN. § 9.001(a) (Vernon 2006) (stating that a party affected by a divorce decree providing for the division of property may request enforcement of that decree). Furthermore, orders granting or denying such pleas are tantamount to final orders or judgments. *In re Oxman*, No. 14-12-00484-CV, 2012 WL 1857096, 2012 Tex. App. LEXIS 4047 (Tex. App.—Houston [14th Dist.] May 18, 2102) (orig. proceeding) (stating that "[o]rders issued in a suit to enforce are final judgments"); *DeGroot v. DeGroot*, 260 S.W.3d 658, 664-65 (Tex. App.—Dallas 2008, no pet.) (stating the same). As such, they are immediately appealable and, therefore, not subject to review through a mandamus proceeding. *See In re Oxman*, 2012 Tex. App. LEXIS 4047, at *2 .

Accordingly, relator's petition for writ of mandamus is denied.

Brian Quinn
Chief Justice

2