# NO. 12-22-00315-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RODNEY WAYNE MORRISON, APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *DEBBIE JO MORRISON, APPELLEE* | § | *WOOD COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Rodney Wayne Morrison appeals the trial court's order granting Debbie Jo Morrison's post-divorce decree motion for contempt and enforcement. Rodney raises three issues. We vacate the order and dismiss the case.

## BACKGROUND

On April 6, 2021, the trial court signed an agreed final decree of divorce dissolving the marriage between Rodney and Debbie. Among other terms, the decree appointed a realtor to sell two parcels of real property owned by the parties (the marital residence and the shop) and a receiver to sell certain personal property. The decree awarded each spouse fifty percent of the net proceeds from the sales of the residence, shop, and receivership property, and further mandated damages in the event either party failed or refused to comply with the provisions concerning delivery of the property. It also specifically awarded Debbie other items of personal property in Rodney's possession and the title to her vehicle. At the time of divorce, Rodney had concluded a bankruptcy proceeding that resulted in excess funds. The decree awarded Debbie 55.5% of those funds and Rodney the remaining 44.5%.

Relevant to this appeal, the decree contained a liquidated damages provision concerning failure to turn over property as ordered. The first sentence of the provision mandated an award of

1

damages (including "redistribution" of assets) for a party's failure to turn over an asset as ordered, or failure to deliver an asset in undamaged condition:

> IT IS ORDERED AND DECREED that a failure to deliver property awarded to the other party (or to be delivered to the Realtor or Receiver) timely and in the same condition as the property existed on the date of separation of the parties, shall result in the award of damages (including a redistribution of cash or other assets) and attorney's fees to the other party.

The second sentence of the provision required all property to be delivered timely and in undamaged condition:

> If either party is ordered in this Decree to turn over real and/or personal property in his or her possession to the other party, to the Receiver or Real Estate Agent, said property shall be delivered at the specified time and in unharmed and undamaged condition.

The third and final sentence mandated that failure to turn over an asset as ordered or failure to deliver an asset in undamaged condition would result in the asset's fair market value being "assessed" against the offending spouse and taken from that spouse's share of proceeds from sale of the marital residence:

> In the event that either party damages, harms, or destroys any property, or refuses to deliver the property as ordered, the fair market value of the property shall be assessed against that party (normal wear and tear and Act of God, excepted), and that amount shall be awarded to the other party, and accounted for out of the proceeds from the sale of the marital residence.

On May 5, 2021, the parties filed a joint motion to sign qualified domestic retirement orders (QDROs). As provided in that motion, the parties jointly requested that "this motion be considered a motion for new trial and that the plenary power of this Court be retained until this Motion may be heard and considered by this Court." The trial court signed the QDROs on May 7, 2021.[1]

Thereafter, Debbie filed a Motion for Contempt and Enforcement on May 13, 2021, and filed an Amended Motion for Contempt and Enforcement on May 17. Rodney filed a Motion for Enforcement by Contempt on May 24. Five separate hearings were held on the motions, on June 3, 3021, July 21, 2021, July 29, 2021, August 30-31, 2022, and October 6, 2022.

During the litigation of the parties' competing motions, the court's registry received the following payments associated with the marital estate: $213,702.78 from excess funds remaining

---

[1] We note that although the trial court signed the QDROs, it did not expressly grant a motion for new trial.

following Rodney's bankruptcy; $449,254.96 from the sale of the marital residence; $140,392.68 from the sale of the shop; and $58,490.00 from the receiver's sale of personal property.

On July 21, 2021, the trial court required the parties each to pay half of initial receiver's fees totaling $4,436.40. The trial court thereafter paid $11,406.42 and $797.20 to the receiver, out of the sale of the receivership property, leaving a balance in the receivership account of $46,286.38. The trial court ordered that $13,278.73 be paid out of the bankruptcy funds in order to pay delinquent taxes on the shop property to avoid foreclosure, which had been initiated against Rodney so that the property could be sold.

The trial court ordered that Debbie receive a portion of her 55.5% share of the bankruptcy proceeds, less one-half of the shop taxes which had been paid, in the amount of $110,898.16. The trial court held open the issue, until the motions for enforcement were resolved, of whether all those taxes should ultimately be assessed against Rodney for his failure to pay them as ordered. The trial court also ordered that Debbie receive her 50% share of proceeds from the sales of the residence and shop, and the clerk paid her $294,823.82.

At the time of the final hearing on the competing motions for enforcement, the registry contained $384,351.71 from the real-property sales and bankruptcy proceeds, and $46,286.38 from the receivership sales.

The trial court granted Debbie's motion for enforcement on December 14, 2022, which is the subject of this appeal. In the order, the trial court found in pertinent part that Rodney violated the agreed final decree of divorce and order for the appointment of the receiver in a total of thirty-nine respects. In pertinent part, the violations relate to either Rodney's failure to deliver property as ordered, or that he delivered property in damaged condition. Accordingly, the trial court expressly applied the above-described liquidated damages provision in the decree, concluding that Rodney's "violations mandate an award of damages (including a redistribution of cash or other assets) to Debbie," along with attorney's fees in accordance with the provision. In pertinent part, the trial court awarded Debbie a judgment in the amount of $722,725.33 as follows:

    1. Damages against Rodney Wayne Morrison in an amount equivalent to 100% of the proceeds from the sale of the house, totaling $449,254.96.

    2. Attorney's fees in the amount of $251,225.58. The Court finds all attorney's fees awarded herein which were incurred by Debbie Jo [Morrison] were reasonable and necessary, and that Debbie Jo [Morrison] is entitled to recover them from Rodney Wayne Morrison.

    3. Court costs in the amount of $13,092.07.

3

4. Reimbursement of a portion of the Receiver's fees paid to Michael Collins in the amount of $9,152.72.

To assist in the satisfaction of the award, the court ordered disbursal to Debbie of all the remaining registry funds. This appeal followed.

<h2 style="text-align:center">JURISDICTION</h2>

In his first issue, Rodney contends that the trial court abused its discretion by "redistributing" marital assets previously awarded by the final decree after, he alleges, expiration of the trial court's plenary power. In effect, Rodney argues that the trial court improperly modified the decree under the guise of an enforcement action.

## Standard of Review

We review for an abuse of discretion a trial court's ruling on a post-divorce motion for clarification or enforcement. *Douglas v. Douglas*, 454 S.W.3d 591, 595 (Tex. App.—El Paso 2014, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam)). When a trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles, it abuses its discretion. *Cisneros v. Puentes*, 662 S.W.3d 601, 604–05 (Tex. App.—El Paso 2022, no pet.) (applying standard in post-divorce motion for enforcement context).

However, we review de novo issues affecting the trial court's subject matter jurisdiction, such as whether it acted outside its plenary power. *Marshall v. Priess*, 99 S.W.3d 150, 156 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) (holding that question of jurisdiction, the court's authority to act, is an issue of law we review de novo). "Judicial action taken after the expiration of the court's [plenary power] is a nullity, and any orders signed outside the court's plenary jurisdiction are void." *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.). We have no jurisdiction to consider the merits of an appeal from a void order. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam). When a party appeals a void order, we must declare the order void, vacate the order, and dismiss for want of jurisdiction. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam).

An agreed divorce decree implementing an agreed property division is controlled by the rules of construction applicable to ordinary contracts. *Murray v. Murray*, 276 S.W.3d 138, 144 (Tex. App.—Fort Worth 2008, pet. dism'd). In interpreting the language of a divorce decree, we

4

apply the general rules applicable to the construction of judgments—that is, we construe the decree as a whole to harmonize and give effect to the entire decree. **Hagen v. Hagen**, 282 S.W.3d 899, 901 (Tex. 2009).

**Applicable Law**

"A court that rendered a divorce decree generally retains continuing subject-matter jurisdiction to clarify and to enforce the decree's property division." **Gainous v. Gainous**, 219 S.W.3d 97, 106 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). This authority generally includes the power to enforce any contractual provisions under the terms of an agreement incident to divorce that was approved by the court. TEX. FAM. CODE ANN. § 9.002 (West 2020).

The court may render further orders to enforce the property division in the divorce decree to assist in the implementation of or to clarify the prior order. *Id.* §§ 9.006(a), 9.007(a) (West 2020). This means that the court may specify more precisely the manner of effecting the property division previously made, so long as the substantive division of property is not altered or changed. *Id.* §§ 9.006(b); 9.007(a); *see* **Dalton v. Dalton**, 551 S.W.3d 126, 140 (Tex. 2018) (stating that any post-divorce enforcement or clarification order "may more precisely specify the manner of carrying out the property division previously ordered," but only "so long as the substantive division of the property is not altered"); **DeGroot v. DeGroot**, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.) (trial court retains continuing jurisdiction after expiration of its plenary power to clarify or enforce divorce decree's property division, so long as it does not alter or modify original division of marital property). Such lawful orders may more precisely specify the manner of carrying out the property division previously ordered so long as the substantive division of the property is not altered. **McPherren v. McPherren**, 967 S.W.2d 485, 490 (Tex. App.—El Paso 1998, no pet.).

Specifically, a court may not amend, modify, alter, or change the property division made in the divorce decree. TEX. FAM. CODE. ANN. §§ 9.006(b); 9.007(a). An order that amends, modifies, alters, or changes the actual, substantive division of property made in a final divorce decree is beyond the power of the court and is unenforceable. *Id.* § 9.007(b); **Shanks v. Treadway**, 110 S.W.3d 444, 449 (Tex. 2003); **DeGroot**, 260 S.W.3d at 663; **Gainous**, 219 S.W.3d at 106–07. Prohibited orders that go beyond "assist[ing] in the implementation of" the decree's property division encompass orders to enforce the property division that go beyond the ministerial act of

execution. ***Sheikh v. Sheikh***, 248 S.W.3d 381, 388 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

A judgment finalizing a divorce and dividing marital property bars relitigation of the property division. ***Pearson v. Fillingim***, 332 S.W.3d 361, 363 (Tex. 2011). Attempting to obtain an order that alters or modifies a divorce decree's property division is an impermissible collateral attack. ***Hagen***, 282 S.W.3d at 902. Therefore, in suits to enforce agreed judgments, parties may not raise contractual defenses because such defenses constitute impermissible collateral attacks on the prior judgments. ***Ex parte Gorena***, 595 S.W.2d 841, 844 (Tex. 1979).

Importantly, "a suit to enforce shall be governed by the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit." TEX. FAM. CODE ANN. § 9.001(b) (West 2020). An enforcement proceeding "shall be as in civil cases generally." ***Id.*** § 9.001(c).

The Texas Rules of Civil Procedure provide in pertinent part that a trial court has the "power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed." TEX. R. CIV. P. 329b(d). If a timely motion is filed, the trial court then has the "power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." ***Id.*** R. 329b(e). "After its plenary power expires, a trial court may not set aside its judgment except by timely bill of review." ***Cisneros***, 662 S.W.3d at 604 (citing TEX. R. CIV. P. 329b(f)). "Once plenary power has expired, a trial court's jurisdiction . . . cannot be vested by party agreement or waiver." ***Id.*** (citing ***In re Vaishangi, Inc.***, 442 S.W.3d 256, 260–61 (Tex. 2014) (orig. proceeding) (per curiam)). Generally, plenary power expires thirty days after a final judgment is signed, unless a party files a timely motion for new trial or other postjudgment motion, in which case plenary power can extend for a total of 105 days. *See **In re Morrison***, No. 12-22-00001-CV, 2022 WL 598681, at *2 (Tex. App.—Tyler Feb. 28, 2022) (orig. proceeding) (applying rule in mandamus proceeding involving same parties as instant case) (citing TEX. R. CIV. P. 329b(c), (e); ***L.M. Healthcare, Inc. v. Childs***, 929 S.W.2d 442, 444 (Tex. 1996)).

As part of the court's enforcement power as to the property division, the court may make an order to deliver the specific existing property awarded, without regard to whether the property is of especial value, including an award of an existing sum of money or its equivalent. TEX. FAM. CODE ANN. § 9.009 (West 2020). If a party fails to comply with a decree of divorce and delivery of property awarded is no longer an adequate remedy, the court may render a money judgment for

the damages caused by that failure to comply.  *Id.* § 9.010(a) (West 2020).  Further, if a party did not receive payments of money as awarded in the decree, the court may render judgment against a defaulting party for the amount of unpaid payments to which the party is entitled.  *Id.* § 9.010(b).

**Discussion**

Rodney filed a petition for writ of mandamus in this Court on January 3, 2022, and we granted his request for a stay of the trial court proceedings pending further order of this Court.  *See In re Morrison*, 2022 WL 598681, at *2.  We ultimately denied his petition for writ of mandamus and lifted the stay of the proceedings on February 28, 2022.[2]  *See id.* 2022 WL 598681, at *7.

After we lifted the stay of proceedings and remanded the case, the trial court held hearings on the motion for enforcement on August 30-31, 2022, and October 6, 2022.  The trial court granted Debbie's motion on December 14, over twenty months after it signed the initial agreed divorce decree.  Under any measure, plenary power had long since expired at the time it granted Debbie's motion for enforcement.

Thus, the question is whether the trial court's order granting Debbie's motion can properly be characterized as an "enforcement" action over which it maintained continuing jurisdiction, or conversely whether the relief granted in the order substantively modifies, alters, amends, or changes the original property division.  If it is the latter, the order is void because plenary power expired.  *See* TEX. FAM. CODE. ANN. §§ 9.006(b); 9.007(a)-(b); *Dalton*, 551 S.W.3d at 140; *Shanks*, 110 S.W.3d at 449; *DeGroot*, 260 S.W.3d at 663; *Gainous*, 219 S.W.3d at 106–07.

Debbie contends that the trial court did not substantially amend, alter, or modify the original property division and that the trial court's order is a proper enforcement action.  She reasons that the liquidated damages provision was an agreed provision in the original divorce decree, and that the trial court simply applied the provision and enforced the decree once the condition triggering it occurred—namely Rodney's failure to deliver the property as ordered and in an undamaged state.  In essence, she contends that the trial court's action is an order "to enforce the property division in the divorce decree to assist in the implementation of . . . the prior order" as authorized under Texas Family Code Sections 9.006 and 9.007.  We disagree.

---

[2] As we noted in the parties' earlier mandamus proceeding, "And while a motion to enforce is the equivalent of a new suit, the requests in [Debbie's motion] could reasonably be construed as resulting in a substantial change to the decree."  *See In re Morrison*, No. 12-22-00001-CV, 2022 WL 598681, at *5 (Tex. App.—Tyler Feb. 28, 2022) (orig. proceeding).  We continued, "[a]s a result, her motion for contempt and enforcement qualifies as a motion to modify."  *Id.*

7

The trial court's order did not simply enforce its original property division. As we have stated, an order that goes beyond the ministerial act of execution of the original property division is a substantive modification, alteration, or change to the original property division. *See Sheikh*, 248 S.W.3d at 388.

Here, the clause is a liquidated damages provision designed to secure Rodney's compliance with the decree for post-decree misconduct and penalize him for a failure to do so, without regard to the amount of actual damages suffered by Debbie. For example, the first sentence in the provision stated that "failure to deliver property awarded to the other party . . . timely and in the same condition as the property existed on the date of separation of the parties, shall result in the award of damages (including a *redistribution of cash or other assets*) and attorney's fees to the other party." The third sentence required that "[i]n the event that either party damages, harms, or destroys any property, or refuses to deliver the property as ordered, *the fair market value of the property shall be assessed against that party* . . . and that amount shall be awarded to the other party, and accounted for out of the proceeds from the sale of the marital residence." Regardless of whether the property had minor damages, or alternatively had been completely destroyed, results in the same remedy—a post-decree award of the entire fair market value of the property.

The trial court found that Rodney failed to abide by the above-described provision and applied it against him in this "enforcement" proceeding, filed under the same cause number, over twenty months after it signed the original agreed divorce decree in April 2021. Application of the liquidated damages provision modified the original property division in that decree, which awarded Rodney fifty-percent award of the proceeds of the property. Instead, the trial court awarded to Debbie in its December 2022 order "damages against [Rodney] in an amount equivalent to 100% of the net proceeds from the sale of the house, totaling $449,254.96." The order went beyond simply ordering that Rodney pay for any actual damages caused by his failure to deliver the property, and completely divested him of his share of the sale proceeds from the home. The trial court's order even noted that Rodney's conduct warranted a "redistribution" of cash and other assets, just as the liquidated damages provision mandates.

In another similar case, the husband and wife's divorce decree contained a "residuary clause." *See In re W.L.W.*, 370 S.W.3d 799, 804-05 (Tex. App.—Fort Worth 2012, no pet.). The clause was drafted to penalize a spouse for failing to disclose or undervaluing property in the original property division. *Id.* at 804. The residuary clause, like the liquidated damages clause in

8

the instant case, shifted the entire ownership of the affected property to the other spouse. *Id.* In *In re W.L.W.*, the wife believed that her husband failed to disclose or alternatively had undervalued various assets as part of the property division. *Id.* at 801. Much like Debbie here, the wife filed a motion for enforcement of the property division, claiming that the residuary clause "[sprang] into action and 'concurrently' award[ed] that same asset to [the wife] if she prove[d] in a post-judgment action that [her husband] failed to disclose the asset or undervalued it in his inventory and appraisement." *Id.* at 805. The court there held that the residuary clause violated Texas Family Code Section 9.007 by improperly modifying the original property division after the trial court lost plenary power. *Id.* at 806-07. The court reasoned as follows:

> Further, for [W] to prevail upon her theory that she was awarded assets under the "residuary clause," a hearing and proof of an in-fact undervaluation would be required in the trial court. [W's] contention of undervaluation certainly could be contested by [H], even under [W's] interpretation of the "residuary clause." However, the trial court lacks jurisdiction to conduct an evidentiary hearing on the issue of a disputed asset's actual value because the trial court's plenary power expired long ago. As alluded to, allowing an asset awarded to one party to be flipped and awarded to the other party in the manner sought by [W] would mean that there is never a final property division in the case, to the detriment of both parties.
>
> . . . .
>
> Examining the entire divorce decree, the only reasonable construction that can be given to the "residuary clause" as written is that it permits the post-judgment division of previously decree-divided property based upon the trial court's findings regarding the thoroughness of one side's inventory and appraisement. Unquestionably, this violates the family code's express prohibition on amending, modifying, altering, or changing a divorce decree's division of property. [W's] suit is an impermissible collateral attack on the divorce decree, and the trial court clearly abused its discretion by denying [H's] plea to the jurisdiction.

*Id.* (internal citations omitted).

The liquidated damages provision here is similar to the residuary clause in *In re W.L.W.* The liquidated damages provision created a remedy for a spouse's failure to timely deliver the property in an undamaged condition by awarding the other spouse the entire fair market value of the property. When the trial court applied the liquidated damages provision, it awarded the proceeds of previously divided property and shifted them from Rodney entirely to Debbie. This modification went far beyond mere enforcement because it resulted in Rodney's complete divestment of the asset's proceeds. Since plenary power had long expired, the trial court's December 2022 order "redistributing" cash and other assets under the guise of an "enforcement"

9

action is void.[3]  *See **Everett v. Everett***, 421 S.W.3d 918, 921 (Tex. App.—El Paso 2014, no pet.) (holding that post-decree enforcement order converting debt into spousal maintenance was not clarification or enforcement, and thus trial court's order was impermissible substantive modification to property division as described in decree).

As part of her response to this issue, Debbie contends that our earlier mandamus proceeding resolved the plenary power question in her favor. Specifically, she argues that we concluded her motion is a motion to modify, that it was filed within the trial court's plenary power, and consequently that this previous determination is controlling in this appeal. Essentially, she asks that we apply the law of the case doctrine.

The law of the case doctrine provides that questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. ***Briscoe v. Goodmark Corp.***, 102 S.W.3d 714, 716 (Tex. 2003); ***Farmers Grp. Ins., Inc. v. Poteet***, 434 S.W.3d 316, 329 (Tex. App.—Fort Worth 2014, pet. denied). "The doctrine operates to narrow the issues in successive stages of litigation and is based upon goals of 'uniformity of decision as well as judicial economy and efficiency.'" ***Farmers Grp. Ins., Inc.***, 434 S.W.3d at 329 (quoting ***Hudson v. Wakefield***, 711 S.W.2d 628, 630 (Tex. 1986)). Application of the doctrine is "flexible, left to the discretion of the court, and determined according to the particular circumstances of the case." ***Shiloh Treatment Ctr., Inc. v. Ward***, 608 S.W.3d 337, 341 (Tex. App.—Houston [1st Dist.] 2020, pet. denied).

The law of the case doctrine applies only to questions of law. ***Farmers Grp. Ins., Inc.***, 434 S.W.3d at 329. Whether a trial court's plenary power has expired is a question of law. ***Estate of Brazda***, 582 S.W.3d 717, 731 (Tex. App.—Houston [1st Dist.] 2019, no pet.). The law of the case doctrine prohibits relitigation of questions of law unless (1) the earlier holding is "clearly erroneous" or (2) the later stage of litigation presents different parties, different issues, or more fully developed facts. ***Briscoe***, 102 S.W.3d at 716–17; ***Rodgers v. Comm'n for Law. Discipline***, 151 S.W.3d 602, 609 (Tex. App.—Fort Worth 2004, pet. denied).

Although an original proceeding is not an "appeal," the law of the case doctrine may be applied when an issue has been resolved on the merits in a prior mandamus proceeding. *See, e.g.,* ***Roman v. Ramirez***, 573 S.W.3d 341, 348 (Tex. App.—El Paso 2019, pet. denied) (collecting cases

---

[3] Moreover, the parties may not confer jurisdiction by agreement or continue it by agreement when the trial court's plenary power has expired by applying an agreed upon liquidated damages provision in the decree. *See **In re W.L.W.***, 370 S.W.3d 799, 803 (Tex. App.—Fort Worth 2012, no pet.).

holding that "a legal issue actually resolved in a mandamus action becomes [the law of the case] in subsequent proceedings in the same case"); *In re B.G.D.*, 351 S.W.3d 131, 141 (Tex. App.— Fort Worth 2011, no pet.) (holding law of case doctrine "may be applied when an issue has been resolved on the merits in a prior mandamus proceeding").

In this case, Rodney filed a petition for a writ of mandamus. *See In re Morrison*, 2022 WL 598681, at *1. Among other contentions in the petition, he contended that the assignment of the Honorable Lauren L. Parish, Senior Judge of the 115th District Court in Upshur County, Texas, expired. *See id.* As part of his argument, he contended that the trial court's plenary power expired, which, under the terms of the assignment, terminated the assignment. *See id.* at *1-2. We examined Debbie's motion for contempt and enforcement that is the subject of this appeal and concluded that the motion was filed while the trial court still maintained plenary power. *See id.* at *4-6. We stated in relevant part as follows:

> And while a motion to enforce is the equivalent of a new suit, the requests in [Debbie's] petition *could reasonably be construed* as resulting in a substantial change to the decree. As a result, her motion for contempt and enforcement *qualifies* as a motion to modify.
>
> . . . .
>
> Because the motion was filed before plenary power expired and *can be construed* as a motion to modify, we cannot conclude that a clear abuse of discretion occurred on this basis.
>
> . . . .
>
> Here, we have concluded that [Debbie's] enforcement action *could be reasonably construed* as a motion to modify, over which Judge Parish had plenary power.

*See id.* at *5-6 (emphasis added).

Even if the law of the case doctrine might apply, we hold that its application is not warranted here. Once we disposed of the mandamus, the trial court had yet to rule on the merits of Debbie's motion. It would have been possible for the trial court to hold the hearing on the motion, decide that it did not have jurisdiction to apply the liquidated damages provision, but nevertheless exercise its proper limited jurisdiction for a true enforcement action, and enforce the decree's original property division.

However, the trial court granted Debbie's motion and substantially modified the original property division. Once it granted her motion, the issue of whether the trial court had jurisdiction to perform this action became ripe for our review in this appeal. In other words, the facts required

further development because the trial court could have acted on the motion and granted relief as a true enforcement action under Chapter Nine of the Texas Family Code. *See Briscoe*, 102 S.W.3d at 716–17; *Rodgers*, 151 S.W.3d at 609.

In summary, we hold that this order is not an enforcement action, it is a modification of the original property division in the divorce decree, the modification was made long after plenary power expired, and as a result, the order is void. *See* TEX. FAM. CODE. ANN. §§ 9.006(b); 9.007(a)-(b); *Dalton*, 551 S.W.3d at 140; *Shanks*, 110 S.W.3d at 449; *DeGroot*, 260 S.W.3d at 663; *Gainous*, 219 S.W.3d at 106–07;

Rodney's first issue is sustained. Since we hold that the trial court's order was made outside of its plenary power, is void, and the court lacked jurisdiction to make it, we do not address Rodney's remaining issues. *See Freedom Commc'ns*, 372 S.W.3d at 623 (stating we have no jurisdiction to consider merits of appeal from void order); *see also* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained Rodney's first issue, we *vacate* the order granting Debbie's motion for enforcement and *dismiss* the case. *See* TEX. R. APP. P. 43.2(e); *See State ex rel. Latty*, 907 S.W.2d at 486.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 30, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

12



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 30, 2023**

**NO. 12-22-00315-CV**

**RODNEY WAYNE MORRISON,**
Appellant
V.
**DEBBIE JO MORRISON,**
Appellee

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 2018-303)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the court below, it is ORDERED, ADJUDGED, and DECREED by this court that the order granting Debbie Jo Morrison's motion for enforcement be **vacated** and the cause **dismissed**; and that all costs of this appeal are hereby adjudged against DEBBIE JO MORRISON; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*